IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES ALLEN CAUSEY@U.C.C.
1-308,

   Debtor,

     v.

UNITED STATES TRUSTEE,

   Appellee.

CIVIL ACTION FILE
NO. 1:06-CV-1182-TWT

OPINION AND ORDER

This is an appeal by bankruptcy debtor, James Causey, from an order entered by the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, on April 6, 2006, dismissing his Chapter 11 bankruptcy case under 11 U.S.C. § 1112(b). Under Fed. R. Bankr. P. 8013, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." See In re Downtown Properties, Ltd., 794 F.2d 647, 651 (11th Cir. 1986). Questions of law are reviewed de novo. In re Schlein, 8 F.3d 745, 747 (11th Cir. 1993); In re Stapleton, 55 B.R. 716 (S.D. Ga. 1985).

Causey commenced a case under chapter 11 without having previously obtained a briefing from an approved nonprofit budget and credit counseling agency as required by 11 U.S.C. § 109(h) and without having qualified for an exception from this requirement as provided under §§ 109(h)(3) or (4). Causey demonstrated a lack of good faith in filing his bankruptcy case without the intent to pay creditors or reorganize.

On February 27, 2006, the United States Trustee filed a motion to dismiss the case with prejudice to Causey's ability to file another petition for relief under the Bankruptcy Code for a period of 180 days, based inter alia, on his failure to file the bankruptcy schedules and statement of financial affairs required by 11 U.S.C. § 521(a) and his failure to attend an "Initial Debtor Interview" scheduled by the United States Trustee.  The United States Trustee filed a supplement to the Motion to Dismiss on March 28, 2006, asserting as additional grounds for the requested relief Causey's failure to comply with his obligation under 11 U.S.C. § 521(a)(1)(B)(iv) to file copies of all payment advices or other evidence of payment received from any employer within 60 days before the date of the filing of the Petition and his failure to file a certificate showing that he had obtained the credit counseling briefing required by 11 U.S.C. § 109(h).

The Court held a hearing on the Motion to Dismiss, as supplemented, on March 30, 2006, and entered the Dismissal Order on April 6, 2006.  The Court found that Causey's failure to comply with § 109(h) was cause for the dismissal of his case.  Additionally, the Court found that the information supplied in Causey's schedules and statements demonstrated that the case was not a viable Chapter 11 reorganization.  Causey did not plan to pay any debts or reorganize and therefore the Court found no legitimate bankruptcy purpose was to be served by the filing of his Chapter 11 case.  The Court stated that when a debtor files a chapter 11 case for a purpose other than to pay creditors and to reorganize, but simply to assert non-bankruptcy claims that have been asserted in other courts, the bankruptcy case is not filed in good faith.  The Court also found Causey's failure to attend the Initial Debtor Interview additional cause for the dismissal of the case.

The Bankruptcy Court did not lack jurisdiction to enter the Dismissal Order under the theory that it did so outside the "term of court" or during "a recess that was never reconvened."  Causey's contention that the Bankruptcy Court was in "recess" when it entered the Dismissal Order appears to be based on a belief that the judge left the courtroom before the hearing was concluded. There is no support in the record for such a contention, nor is there anything in the record to suggest that Causey was prevented from raising any issue or being heard on any argument in opposition to the

Motion to Dismiss. The Bankruptcy Court did not err in declining to recuse herself. A judge is "presumed qualified to hear a proceeding and the movant has the burden of proving otherwise." In re Betts, 165 B.R. 233, 238 (Bankr. N.D. Ill., 1994) (citations omitted). A judge does not become partial simply because the movant receives an adverse judgment. Id. Furthermore, a judge is not required to recuse herself "if the alleged bias of the judge stems from the facts the judge learned when participating in the case in" her judicial capacity. Id.

The Bankruptcy Court did not err in concluding that Causey was ineligible under 11 U.S.C. § 109(h) to be a debtor in a bankruptcy case. The present case had been pending for 59 days at the time the Dismissal Order was entered. As noted by the Bankruptcy Court at page 4 of the Dismissal Order, Causey had not filed a credit counseling certificate during that period, nor had he submitted an affidavit or pleading stating that he had requested a credit counseling briefing, nor had he provided any description of the exigent circumstances that had prevented him from obtaining such a briefing prior to filing the Petition. Moreover, the record contains no support for his representation on the "Budget and Credit Counseling Eligibility" form filed on February 6, 2006, that he was unable to meet the requirements of section 109(h) because he was on "active military duty in a military combat zone." Section 109(h) establishes the eligibility of an individual to be a debtor under the Bankruptcy Code,

and "[t]here is no authority for the Court to grant an exemption as to eligibility for relief or to extend the time to meet eligibility requirements except as is specifically allowed under the Code." In re Booth, 2005 WL 3434776 (Bankr. N.D. Fla., 2005). Because the record shows a complete lack of compliance by Causey with the requirements of section 109(h), the Bankruptcy Court had no alternative but to dismiss the case based on a conclusion that Causey was ineligible to be a debtor at the time he filed the Petition. The Bankruptcy Court was authorized to conclude from the record that Causey had acted in bad faith in filing and prosecuting this case and, on the basis of that conclusion, to prohibit him from filing another petition for relief under the Bankruptcy Code for a period of 180 days. Therefore, the Order of the Bankruptcy Court dismissing this action is AFFIRMED.

SO ORDERED, this 31 day of August, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge